1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

               Plaintiff,

   v.

THERON-JAY MARRS,

               Defendant.

CASE NO. CR21-5276 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
EARLY TERMINATION OF
PROBATION

This matter comes before the Court on Defendant Theron-Jay Marrs' Motion for

Early Termination of Probation, Dkt. 3. The Court has considered the briefing filed in

support of and in opposition to the motion and the remainder of the file and denies the

motion for the reasons stated below.

In 2017, Marrs was indicted on one count of Evasion of Payment of Taxes, in

violation of 26 U.S.C. § 7201, five counts of Filing a False Federal Tax Return, in

violation of 26 U.S.C. § 7206(1), and one count of Obstructing or Impeding the Due

Administration of Tax Laws, in violation of 26 U.S.C. § 7212(a). Dkt. 2-1. Marrs pled

guilty to one count of Evasion of Payment of Taxes, Dkts. 2-3, 2-4, and he was sentenced

1    to five years of probation, Dkt. 2-5 at 2. He was also ordered to pay restitution in the

2    amount of $264,187.69. *Id.* at 5.

3          Marrs has completed about sixteen months of his five-year probation term. His

4    probation term is set to expire on January 7, 2026. He now moves this Court to terminate

5    his probation early, arguing that his probation does not protect the public and that he does

6    not have any correctional treatment needs. Dkt. 3 at 5. He also argues that he has worked

7    very hard to repay all of his restitution, he has satisfied all of the special conditions of his

8    probation, there is no need for deterrence of future conduct, the term he has already

9    served is within the range of acceptable sentences, and he needs to travel for work. *Id.* at

10   6–10. The Government and the United States Probation Office oppose early termination,

11   alleging that Marrs recently engaged in conduct that could constitute a violation of his

12   probation. Dkt. 4. Marrs asserts that he did not engage in unlawful tax conduct, but rather

13   he and the probation office disagree as to whether he could legitimately seek tax-exempt

14   status for a private, self-supporting ministry website he runs. Dkt. 3 at 9.

15         While Marrs asserts that early termination of probation is treated in the same

16   manner as early termination of supervised release, he acknowledges that probation, as a

17   sentence in lieu of imprisonment, is designed to "provide just punishment for the

18   offense," while supervised release is not designed to be punitive in nature. *Id.* at 4

19   (acknowledging that 18 U.S.C. § 3583(e) omits 18 U.S.C. § 3553(a)(2)(A) from the

20   factors to consider when modifying or revoking a supervised release term).

21         Marrs has only served sixteen months—well under half—of his five-year

22   probation sentence. His motion is premature. Moreover, while it is commendable that

1  Marrs has fully paid his restitution, Probation's reports of issues with his 2020 tax returns

2  are concerning.

3          Therefore, it is hereby **ORDERED** that Defendant Theron-Jay Marrs' Motion for

4  Early Termination of Probation, Dkt. 3, is **DENIED**.

5          Dated this 3rd day of May, 2022.

6

7          _____

8          BENJAMIN H. SETTLE
           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3