UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THERON-JAY MARRS, <br><br> Defendant. | CASE NO. CR21-5276 BHS <br><br> ORDER |

This matter is before the Court on Defendant Theron Marrs' Motion for Early Termination of Probation. Dkt. 17. Following Marrs' guilty plea to one count of evasion of payment of taxes, Judge Michael H. Simon of the United States District Court for the District of Oregon sentenced Marrs to five years of probation. Dkts. 2-2; 2-4; 2-5. His term of probation commenced on January 8, 2021. *See* Dkts. 2-5; 19 at 1. On August 4, 2021, this Court accepted a transfer of jurisdiction of Marrs from the District of Oregon. To date, Marrs has served just over 36 out of 48 months of his term of probation, paid his restitution in full, and remained in compliance with the terms and conditions of probation.

ORDER - 1

The United States Probation Office does not oppose or support early termination, but rather "defers to the Court's discretion." Dkt. 19 at 2. It commends Marrs on his compliance with the terms of his judgment and acknowledges that generally after 18 months of successful supervision there is a presumption in favor of early termination for defendants who are not career offenders and who do not pose safety risks. *Id*. Despite Marrs' compliance and this presumption, Probation expresses concerns "about him operating a self-sustaining ministry," including his "taking a monthly draw that is not technically income but appears to be used as support for living expenses." *Id*.

The Government opposes early termination of probation. Dkt. 20. It shares Probation's concern over his potential use of monthly "draws" from his ministry for living expenses, and adds that the Internal Revenue Service (IRS) asserts that Marrs is potentially not filing accurate tax returns. *Id*. at 1. Based on these concerns, the Government argues that Marrs needs closer supervision rather than early termination of probation. *Id*. at 2.

This is not Marrs' first attempt to terminate his probationary sentence early. In February 2023, the Court denied his motion for early termination of probation. Dkt. 16. In that order, the Court acknowledged that Marrs had fully paid restitution, but ultimately concluded that termination at that point was "premature." *Id*. The Court's conclusion rested in part on Probation's concerns with issues regarding Marrs' 2020 tax returns. However, the Court invited Marrs to move again for early termination in one year, indicating that, "[i]f he remains in full compliance with the conditions of probation, the Court will likely grant that motion." *Id*.

A year has passed with Marrs remaining in compliance with the conditions of probation. He has paid all restitution and completed all tasks set forth under the judgement. He asserts he resolved the issues with his 2020 tax return filings and indicates that he remains in communication with the IRS to resolve any remaining tax issues. Dkt. 17 at 2. As Marrs observed, the "IRS has clear authority to handle the remaining tax matters or accounting adjustments" and paragraph 7 of his judgment reserves his right to IRS due process to resolve such matters over time. Dkt. 17 at 2.

The Court concludes that terminating Marrs' probation is now warranted.  He has complied completely with the terms of the judgment, paid restitution in full, and served three out of five years of his term of probation. He poses no threat to public safety and does not qualify as a career offender. The unsubstantiated concerns with his taxes as expressed by Probation and the Government do not provide sufficient reason to continue his current probationary period. Such issues are under the purview of the IRS. In his reply, Marrs criticizes both Probation and the Government as misleading the Court. Dkt. 21. The Court does not condone that criticism and concludes that both offices were reasonable in the positions taken.

Complete compliance with the conditions of probation for an extended period demonstrates rehabilitation and that the possibility of early termination provides incentive to defendants to do well on supervision. Here, Marrs' sustained compliance and completed restitution warrant early termination of probation.

Accordingly, it is hereby **ORDERED** that the Motion for Early Termination of Probation, Dkt. 17, is **GRANTED**.

1 | Dated this 25th day of January, 2024.

2

3

 _[signature]_

4 | BENJAMIN H. SETTLE
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4